Patricia Lee Refo (AZ Bar No. 017032)
Kelly A. Kszywienski (AZ Bar No. 025578)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004-2122
ph: (602) 382-6000 | fax: (602) 382-6070
prefo@swlaw.com
kkszywienski@swlaw.com

Of Counsel:

Matthew D. Powers
**WEIL, GOTSHAL & MANGES, LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
ph: (650) 802-3000 | fax: (650) 802-3100
Matthew.Powers@weil.com

Of Counsel:

Nicolas G. Barzoukas
Jason C. Abair
**WEIL, GOTSHAL & MANGES, LLP**
700 Louisiana Street, Suite 1600
Houston, TX 77002
ph: (713) 546-5000 | fax: (713) 224-9511
Nicolas.Barzoukas@weil.com
Jason.Abair@weil.com

Attorneys for Plaintiff Medicis Pharmaceutical Corp.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PADDOCK LABORATORIES INC.,<br><br>Defendant. | Cause No. 2:09-cv-2498-PHX<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY TRIAL** |

## **COMPLAINT**

Medicis Pharmaceutical Corporation ("Medicis" or "Plaintiff") alleges:

**Parties**

1. Medicis is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Medicis is the leading independent specialty pharmaceutical company in the United States, focusing primarily on the treatment of dermatological and podiatric conditions and aesthetics medicine. Medicis has developed and commercialized leading branded prescription products in a number of therapeutic categories. Because of their clinical effectiveness and high quality, Medicis' products have earned wide acceptance by both physicians and patients.

2. On information and belief, Paddock Laboratories, Inc. ("Paddock" or "Defendant") has a primary place of business at 3940 Quebec Avenue North, Minneapolis, Minnesota 55427.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331 and 1338(a).

4. Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b) and 1400(b) because, on information and belief, Defendant's unlawful acts of infringement have occurred, and continue to occur, in this District.

**Factual Background**

5. On September 24, 2002, United States Patent No. 6,455,551 (the "'551 patent"), entitled "USE OF 1-HYDROXY-2-PYRIDONES FOR TREATING MUCOSA DISEASES WHICH ARE DIFFICULT TO TREAT," was duly and legally issued to inventors Karl Theodor Kraemer and Manfred Schweriner Bohn. A copy of the '551 patent is attached.

6. Medicis owns the '551 patent.

7. The '551 patent claims novel methods and compositions relating to the use of 1-Hydroxy-2-Pyridones for treating fungal disorders.

8. Medicis is informed and believes that Paddock has and continues to infringe directly, and/or by inducement, upon one or more claims of the '551 patent by making, using, offering for sale, selling, and/or importing infringing products, including, but not limited to, ciclopirox shampoo for the topical treatment of seborrheic dermatitis of the scalp, in this District and elsewhere.

### First Claim for Relief – Patent Infringement

9. Each of the preceding paragraphs 1-8 is incorporated as if fully set forth herein.

10. Paddock's acts of infringement will continue unless enjoined by this Court.

11. Paddock's acts of infringement have caused and will continue to cause Medicis substantial irreparable injury for which Medicis is entitled to injunctive relief and damages to compensate Medicis for such infringement.

### Requested Relief

WHEREFORE, Medicis respectfully seeks the following relief:

a. A judgment that Paddock has infringed the '551 patent;

b. An award of damages, including treble damages, pursuant to 35 U.S.C. § 284 arising out of Paddock's acts of infringement;

c. That the Court preliminarily and permanently enjoin, pursuant to 35 U.S.C. § 283, Paddock, its officers, directors, principals, agents, servants, employees, successors and assigns, and all of those in active concert or participation with Paddock, or under Paddock's authority, from making, using, offering for sale, selling and/or importing infringing products, including but not limited to Paddock's ciclopirox shampoo, and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of, the '551 patent;

d. That this is an exceptional case under 35 U.S.C. § 285, and that judgment be entered for costs and reasonable attorneys' fees to be awarded to Medicis;

e. That the Court order an award of pre-judgment and post-judgment interest on the above damages awards; and

     f.     That this Court award such other and further relief as the Court may deem proper and just under the circumstances.

RESPECTFULLY SUBMITTED this 1st day of December, 2009.

                     By /s/Kelly A. Kszywienski
                          Patricia Lee Refo
                          Kelly A. Kszywienski
                          **SNELL & WILMER L.L.P.**
                          One Arizona Center
                          400 East Van Buren
                          Phoenix, Arizona 85004

                          -and-

                          Of Counsel:

                          Matthew D. Powers
                          **WEIL, GOTSHAL & MANGES, LLP**
                          201 Redwood Shores Parkway
                          Redwood Shores, CA  94065

                          Of Counsel:

                          Nicolas G. Barzoukas
                          Jason C. Abair
                          **WEIL, GOTSHAL & MANGES, LLP**
                          700 Louisiana Street, Suite 1600
                          Houston, TX  77002

                          Attorneys for Plaintiff Medicis Pharmaceutical Corp.

10943904.1